IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ALFREDO TORRES-MARTINEZ

Petitioner,

v.

THE COMMONWEALTH OF PUERTO RICO, et al.

Respondents.

**CIVIL NO. 11-1207 (SEC)**

**OPINION AND ORDER**

Before this Court are Alfredo Torres-Martinez's petition for a writ of habeas corpus (the "Petition") under 28 U.S.C. § 2254 (Docket # 1), and the Commonwealth of Puerto Rico's motion to dismiss (Docket # 30).[1] After reviewing the record and the applicable law, the Government's motion to dismiss is **GRANTED**. Hence, the Petition is denied.

**Factual and Procedural Background**

After a four-day trial, Torres-Martinez, who is currently incarcerated in the Maximum Security Correctional Institution in Guayama, Puerto Rico, was found guilty and subsequently convicted of felony murder and gun charges. Docket # 1, p. 4. He filed a timely appeal in the Puerto Rico Court of Appeals, alleging that (1) the prosecution failed to prove his guiltiness beyond reasonable doubt; and (2) the lower court erred by admitting into evidence contradictory witness testimony. See Docket # 36-2. Concluding that the Court of First Instance committed no such errors, the appellate court confirmed. Id. Dissatisfied, on June 10, 2004, Torres-Martinez asked the Puerto Rico Supreme Court to review the Court of Appeal's determination. Puerto Rico's highest court denied certiorari in August of that year. Docket #36-4.

---

[1] Torres-Martinez opposed the Commonwealth's request. Docket # 35.

A couple of years later, he filed a motion under Rule 192.1 of the Puerto Rico Rules of Criminal Procedure, P.R. Laws Ann. tit. 34, App. II, R. 192.1, which was summarily denied by the Puerto Rico Court of First Instance on April 18, 2009. Docket # 36-8, p. 74. Again, Torres-Martinez appealed the lower court's decision, which in turn was confirmed by the Court of Appeals. Id. at pp. 75-80. On February 19, 2010, the Puerto Rico Supreme Court denied certiorari, thereby affirming appellate court's confirmation of his Rule 192.1 denial. Docket # 36-11. Torres-Martinez exhausted no more state court remedies.

Instead of lodging the instant action in the Commonwealth courts, on February 23, 2011, he filed it in this District, contending that the Puerto Rico proceedings against him, both at the trial and appellate level, violated his federal constitutional rights. See generally Docket # 1. He also advances ineffective assistance of counsel claims. Id. Among other things, the Commonwealth of Puerto Rico moves for dismissal alleging that petitioner failed to exhaust state remedies. Docket # 30, p. 17.

**Standard of Review**

A petition for writ of habeas corpus may be brought by a person in custody pursuant to the judgment of a state court, if such custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). However, Section 2254(b)(1)(A) provides that an application for a writ of habeas corpus under this section shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State. See O'Sullivan v. Boerckel, 526 U.S. 838, 839, 119 S.Ct. 1728, 1730 (1999) (finding that "[f]ederal habeas relief is available to state prisoners only after they have exhausted their claims in state court"). A petitioner shall not be deemed to have exhausted the remedies available in the state courts within the meaning of Section 2254, "[i]f he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

**CIVIL NO. 11-1207 (SEC)**                                                                 Page 3

In Baldwin v. Reese, 541 U.S. 27, 32, 124 S.Ct. 1347, 1351, 158 L.Ed.2d 64 (2004), the Court ruled that a claim cannot be exhausted if it is not presented directly to the state's highest court. Moreover, a petitioner for federal habeas review must present claims to the state supreme court irrespective of whether said court's review is discretionary. O'Sullivan, 526 U.S. at 839.

The purpose of the exhaustion doctrine, moreover, is to give the State "[t]he opportunity to correct alleged violations of its prisoners' federal rights," Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995) (per curiam), and "a full and fair opportunity to address and resolve the [federal] claim on the merits." Keeney v. Tamayo-Reyes, 504 U.S. 1, 10, 112 S.Ct. 1720, 118 L.Ed.2d 318 (1992); see also Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 71 L.Ed.2d 379 (1991). The Supreme Court has held that "[t]he exhaustion doctrine is a judicially crafted instrument which reflects a careful balance between important interests of federalism and the need to preserve the writ of habeas corpus as a 'swift and imperative remedy in all cases of illegal restraint or confinement.'" Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490 93 S.Ct. 1123, 1127, 35 L.Ed.2d 443 (1973) (citation omitted).

The current structure of the Puerto Rico habeas corpus relief statutes is quite similar to the federal framework provided by 28 U.S.C. §§ 2254 and 2255. A prerequisite to state habeas corpus relief is the filing and disposition of a motion pursuant to Puerto Rico Criminal Procedure Rule 192.1, P.R. Laws Ann. tit. 34, App. II, R. 192.1. Said differently, the prisoner must first seek post-conviction collateral relief under this rule. [2]

---

[2] In pertinent part, Rule 192.1 law dictates that

> [a]ny person who is imprisoned by virtue of a judgment rendered by any Division of the Court of First Instance and who alleges the right to be released because . . . the sentence was imposed in violation of the Constitution or the laws of the Commonwealth of Puerto Rico or of the Constitution and laws of the United

**CIVIL NO. 11-1207 (SEC)**                                                                 Page 4

     Thereafter, the order entered by the Court of First Instance is appealable to the appeals court, and subsequently to the Supreme Court of Puerto Rico. Diaz-Castro v. Roman-Roman, 683 F.Supp.2d 189, 192 (D.P.R. 2010). After exhausting Rule 192.1 remedies, the prisoner *must then seek habeas relief in the state courts*, prior to filing a petition for federal habeas relief. Id.; Romero-Hernandez v. Matias-De Leon, 796 F.Supp.2d 290, 293 (D.P.R. 2011). [3]

     In short, federal courts "will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedy with respect to each and every claim contained in the application." Delgado v. Martinez, 72 F. Supp. 2d 2, 5 (D.P.R. 1999) (citing Rose v. Lundy, 455 U.S. 509, 518-19, 102 S.Ct. 1198, 1203 (1982)); Rodriguez v. Warden, 791 F. Supp. 41, 42 (D.P.R. 1992) (finding that a federal habeas petitioner fails to exhaust *all state court remedies* when he fails to avail himself of state post-conviction court proceedings).

**Applicable Law and Analysis**

     As previously noted, the Government points to Torres-Martinez's failure to file a state habeas corpus as mandating the Petition's dismissal. After carefully reviewing the record, this Court concurs with the Government, and finds that no state habeas corpus petition was filed

---

     States, . . . may file a motion, in the part of the court which imposed the sentence, to vacate, set aside, or correct the judgment.

P.R. Laws Ann. tit. 34, App. II, R. 192.1

[3] Puerto Rico Law No. 18 of April 11, 1968 ("Law 18") provides the right to request the issuance of the common-law writ of habeas corpus. P.R. Laws Ann. tit. 34, § 1741. But Law 18 explicitly states that "[n]o judge shall consider a writ of habeas corpus prosecuted by an inmate imprisoned by virtue of a final judgment which has not exhausted the remedy provided by Rule 192.1 . . . ." Id. at § 1741(c).

**CIVIL NO. 11-1207 (SEC)**                                                                 Page 5

here.[4] Because Torres-Martinez has not exhausted all state remedies, this case is not ripe for federal adjudication. As a prudential principle, it is the Commonwealth courts the ones that should first entertain the Petition. See e.g., Pike v. Guarino, 492 F.3d 61, 71 (1st Cir. 2007), cert. denied, 76 U.S.L.W. 3287, --- U.S. ----, 128 S.Ct. 716, 169 L.Ed.2d 557 (2007).

Moreover, Torres-Martinez has proffered no reason for exempting him from the exhaustion requisite. For instance, he could have shown that the exhaustion requirement is satisfied because "there is no longer a state remedy available due to petitioner's procedural default," or when he shows "it would be futile to conduct further collateral proceedings to review his conviction in state court." Mercado Negron v. Torres-Suarez, 1999 U.S. Dist. LEXIS 7194, *9-10 (D.P.R. 1999) (citing Byrnes v. Vose, 969 F.2d 1306 (1st Cir. 1992)). But Torres-Martinez has failed to show that either of these circumstances is present.

In any event, the Petition includes allegations that were unaddressed on the merits by the state appellate court. See Junta v. Thompson, 615 F.3d 67, 71 (1st Cir. 2010) ("[A] state court decision that does not address the federal claim on the merits falls beyond the ambit of AEDPA . . . and the habeas court reviews such a claim de novo." (citations and internal quotation marks omitted). For example, the Court of Appeals of Puerto Rico declined to delve into the merits of Torres-Martinez's argument regarding the trial court's failure to exclude certain exculpatory evidence because he "[d]id not submit copies of such sworn statements . . . ." Docket # 36-6, p. 4. Likewise, the parties have failed to submit the relevant transcripts

---

[4] Torres-Martinez claims that he did file a state habeas corpus "[n]amed as certiorari petition." Docket # 35, p. 13. But that certiorari petition simply questioned the appellate court's confirmation of his Rule 192.1 denial. Docket # 36-11. Further, he has provided this Court with no legal support whatsoever in support of that contention. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argument, are deemed waived"). Besides, the Petition contains grounds for relief never advanced in his Rule 192.1 motion.

**CIVIL NO. 11-1207 (SEC)** Page 6

needed to show that Torres-Martinez's right to conduct a recross examination was violated. See e.g., United States v. Ross, 33 F.3d 1507, 1518 (11th Cir. 1994) (finding that a defendant has a "[l]imited right to recross-examination *where a new matter is brought out on redirect examination*") (emphasis added) (citation omitted). Given these circumstances, the Commonwealth courts should be the ones making such preliminary determinations. Cf. Hardy v. Cross, ––– U.S. –––, 132 S.Ct. 490, 491, ––– L.Ed.2d –––, 2011 WL 6141312 (Dec. 12, 2011) (per curiam) (reiterating that federal courts should be highly deferential when evaluating state-court rulings).

Consequently, this Court must dismiss the Petition for failure to exhaust state court remedies. To be sure, dismissal of Torres-Martinez's habeas corpus petition is without prejudice as the exhaustion of state remedies requirement "[d]oes not usually foreclose, but only postpones federal relief." Diaz–Castro, 683 F.Supp.2d at 193 (quoting Camacho v. Commonwealth of P.R., 343 F.Supp.2d 63, 65 (D.P.R. 2004)).

**Conclusion**

For the reasons articulated above, the Government's motion to dismiss is **GRANTED**, Torres-Martinez's Petition is **DENIED**, and the instant case is **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 30th day of December, 2011.

S/ *Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge